## Sampson's Estate.

*Wills—Construction—Legacies in payment of services—Codicils.*

Where testatrix, to whom claimant had rendered services as a nurse, gave her a legacy in a codicil of Nov. 16, 1916, in full payment for services rendered to her in her lifetime, and by a codicil dated May 11, 1920, gave her an additional sum of $1000, the codicils are to be read together, and the gift of May 11, 1920, if accepted, is taken in full payment for services down to date, claimant being entitled only to payment for services from May 11, 1920, to Dec. 14, 1922, date of testatrix's death.

Exceptions to adjudication. O. C. Phila. Co., Oct. T. 1923, No. 3910.

*Weaver & Cohen* and *Harry I. Hiestand,* for exceptions.

*James P. McCormick* and *Vincent A. Carroll,* contra.

HENDERSON, J., Nov. 10, 1924.—Laura V. Bunting, a niece of the decedent, at the request of the decedent and after the death of decedent's husband, went to live with her in February, 1915, and remained with her till her death in December, 1922. Her services to the decedent are fully set out in the adjudication and are undisputed.

By her will, executed March 5, 1915, the testatrix bequeathed the claimant $2000. It should be observed that the will was executed very soon after the claimant entered into the relation. On May 27, 1915, she executed a codicil, giving the claimant a gold watch-chain; on Nov. 16, 1916, she executed another codicil in favor of the claimant, in which she stated: "I give and bequeath to my niece Laura V. Bunting twenty-one hundred and fifty dollars in addition to what I have already willed her. This is given in connection with what I have already given her in full pay for services and loving care rendered me during my lifetime." On May 11, 1920, she made another codicil in favor of the claimant, in which she stated: "I give and bequeath to my niece Laura V. Bunting an additional sum of one thousand dollars." And on March 16, 1922, she executed another codicil in favor of the claimant, bequeathing her numerous articles of clothing, jewelry and furniture. The testatrix died December, 1922.

At the audit a claim was presented by Mrs. Bunting for services from Feb. 10, 1915, to Dec. 14, 1922, the date of decedent's death, in the sum of $10,650, on which was credited the legacy for $2150, making the net claim $8500.

The claimant at the audit elected to accept all the provisions in the will and codicils in her favor, and by this action the learned auditing judge held she was precluded from making any claim for the period down to Nov. 16, 1916, because in the codicil executed that day the bequest was stated to be

"in full for services and loving care rendered me during my lifetime." The auditing judge held that compensation for the period from Nov. 16, 1916, to Nov. 28, 1917, was barred by the statute, but from the latter date to Dec. 14, 1922, he allowed the claimant $4536, or at the rate of $18 per week. The exceptions challenge the correctness of this award.

We are of opinion that the auditing judge did not give due weight to the provisions of the codicil of May 11, 1920, in which the claimant was bequeathed "an additional sum of $1000." When the testatrix gave this "additional" sum she related the gift to, and affected it with the quality of, the earlier provisions in the claimant's favor, which were declared to be "in full" for services "rendered me during my lifetime." We are asked to hold that this means till her death. This would be in the teeth of the use of the past participle—"rendered." The language fairly means—down to the date of the codicil. The language of a will is to be construed as of the date of its execution; its operation from the day of death: Peterson's Estate, 242 Pa. 330.

It should be pointed out that the last codicil, making bequests of clothing and furniture, is not by its language related to the earlier gifts.

We are of opinion that that part of the award of the auditing judge for services from May 11, 1920, to Dec. 14, 1922, at $18 per week, should be sustained—or for the sum of $2215.75, which is now awarded to her. There can be no doubt but that the decedent intended that this claimant should be compensated for the important services rendered, as witness the provisions of the codicil; and it was conclusively shown that she was not paid for this period.

The exceptions in keeping with this opinion are sustained, all others are dismissed, and the adjudication as amended is confirmed absolutely.